CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Ray Ballister, Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Nehemiah Kong**,<br><br>　　　Plaintiff,<br><br>　v.<br><br>**Towne Center West I, LLC**, a Delaware Limited Liability Company; **Towne Center West II, LLC**, a Delaware Limited Liability Company; Sprint Spectrum, L.P., a Delaware Limited Partnership; Sprint Spectrum Holding Company, LLC, a Delaware Limited Liability Company; and Does 1-10,<br><br>　　　Defendants. | **Case No**. **2:19-CV-00098-JLS-KS**<br><br>**First Amended Complaint** **For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Nehemiah Kong complains of Towne Center West I, LLC, a Delaware Limited Liability Company; Towne Center West II, LLC, a Delaware Limited Liability Company; Sprint Spectrum, L.P., a Delaware Limited Partnership; Sprint Spectrum Holding Company, LLC, a Delaware Limited Liability Company; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is a paraplegic who suffers from Polio. He uses a wheelchair for mobility. He has a specially equipped van with a ramp that deploys out of the passenger side of his van.

2. Defendants Towne Center West I, LLC and Towne Center West II, LLC owned the real property located at or about 1850 E. Willow Street, Signal Hill, California, in December 2018.

2.3. Defendants Sprint Spectrum, L.P. and Sprint Spectrum Holding Company, LLC owned the ~~real property~~Sprint Store located at or about 1850 E. Willow Street, Signal Hill, California, in December 2018.

4. Defendants Towne Center West I, LLC and Towne Center West II, LLC own the real property located at or about 1850 E. Willow Street, Signal Hill, California, currently.

3.5. Defendants Sprint Spectrum, L.P. and Sprint Spectrum Holding Company, LLC ~~owned the real property~~own the Sprint Store located at or about 1850 E. Willow Street, Signal Hill, California, currently.

4.6. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

~~5.~~7.   The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

~~6.~~8.   Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

~~7.~~9.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

~~8.~~10.   Plaintiff went to the property in December 2018 to shop at the Sprint Store ("Store") and eat at the Chinese Gourmet restaurant ("Restaurant") with the intention to avail himself of its goods or services, motivated in part to determine if the defendants comply with the disability access laws.

~~9.~~11.   The Store and Restaurant are facilities open to the public, places of public accommodation, and business establishments.

~~10.~~12.   Parking spaces are one of the facilities, privileges, and advantages offered by Defendants to patrons of the Store and Restaurant.

~~11.~~13.   Even though there was a parking space marked and reserved for persons with disabilities directly in front of the Store during Plaintiff's visit, the parking stall and access aisle were not level with each other. The parking stall and access aisle had slopes greater than 2.1%.

~~12.~~14.   Meanwhile, there was a second parking space in front of the

1 Restaurant and Store but there was no path of travel from the access aisle to
2 the sidewalk that leads to the Store and Restaurant. Instead, the plaintiff would
3 have to travel behind parked cars to find a path of travel to the Store and
4 Restaurant.
5 ~~13.~~15.    Additionally, even though there were other parking spaces
6 marked and reserved for persons with disabilities who drive vans in the
7 shopping center, there were no accessible routes from those parking spaces to
8 the Store and Restaurant.
9 ~~14.~~16.    Additionally, if plaintiff wanted to use other parking spaces
10 marked and reserved for persons with disabilities in the shopping center, he
11 would have to travel behind parked cars as well as travel with cars in the
12 vehicular drive paths to make it back to the Store and Restaurant. This is not
13 accessible for plaintiff.
14 ~~15.~~17.    Currently, the parking stall and access aisle directly in front of the
15 Store are not level with each other.
16 ~~16.~~18.    Defendants have failed to maintain in operable working
17 condition those features of facilities and equipment that are required to be
18 readily accessible to and usable by persons with disabilities at the Subject
19 Property.
20 ~~17.~~19.    Plaintiff personally encountered these barriers.
21 ~~18.~~20.    This inaccessible facility denied the plaintiff full and equal access
22 and caused him difficulty.
23 ~~19.~~21.    Paths of travel are another one of the facilities, privileges, and
24 advantages offered by Defendants to patrons of the Store and Restaurant.
25 ~~20.~~22.    Even though the plaintiff did not personally confront the barriers,
26 some of the walkway leading to the Store and Restaurant have cross slopes that
27 are above 2.1%. This is inaccessible to plaintiff.
28 ~~21.~~23.    Transaction counters are also one of the facilities, privileges, and

advantages offered by Defendants to patrons of the Store.

~~22.~~24.   Unfortunately, the transaction counter at the Store is more than 36 inches in height. In fact, the transaction counter is about 45 inches in height.

~~23.~~25.   There is no lowered, 36 inch portion of the transaction counter at the Store for use by persons in wheelchairs to conduct transactions.

~~24.~~26.   The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

~~25.~~27.   The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

~~26.~~28.   A common barrier removal project is modifying transaction counters to make a portion of the counter accessible. This is a simple construction task, well within the capabilities of any general contractor. The task can be completed easily and for a modest price.

~~27.~~29.   Plaintiff will return to the Store and Restaurant to avail himself of its goods or services and to determine compliance with the disability access laws. He is currently deterred from doing so because of his knowledge of the existing barriers. If the barriers are not removed, the plaintiff will face unlawful and discriminatory barriers again.

~~28.~~30.   Given the obvious and blatant nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the

scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

29.31. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

30.32. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

1      c. A failure to make alterations in such a manner that, to the
2         maximum extent feasible, the altered portions of the facility are
3         readily accessible to and usable by individuals with disabilities,
4         including individuals who use wheelchairs or to ensure that, to the
5         maximum extent feasible, the path of travel to the altered area and
6         the bathrooms, telephones, and drinking fountains serving the
7         altered area, are readily accessible to and usable by individuals
8         with disabilities. 42 U.S.C. § 12183(a)(2).

9  ~~31.~~33. Under the 2010 Standards, access aisles shall be at the same level
10 as the parking spaces they serve. Changes in level are not permitted. 2010
11 Standards 502.4. "Access aisle are required to be nearly level in all directions
12 to provide a surface for wheelchair transfer to and from vehicles." 2010
13 Standards § 502.4 Advisory. No more than a 1:48 slope is permitted. 2010
14 Standards § 502.4.

15 ~~32.~~34. Here, the failure to provide level parking stall is a violation of the
16 law.

17 ~~33.~~35. Under the ADA, there must be at least one accessible route
18 connecting every building on the same site. 2010 Standards § 206.2.2. Travel
19 in the vehicular drive path with vehicles is not part of an accessible route.

20 ~~34.~~36. According to the California Building Code, it is not permissible to
21 locate handicap-accessible parking stalls in locations where a person with
22 disability is compelled to wheel or walk behind parked cars other than their
23 own. CBC 1129B.3.3.

24 ~~35.~~37. Here, the failure to provide an accessible route is a violation of the
25 law.

26 ~~36.~~38. Nowhere shall the cross slope of an accessible route exceed 2.1%.
27 2010 Standards § 403.3.

28 ~~37.~~39. Here, the slopes along the walkways exceeded the levels allowed

1  by law.
2  ~~38.~~40.   Under the 2010 Standards, where the approach to the sales or
3  service counter is a parallel approach, such as in this case, there must be a
4  portion of the sales counter that is no higher than 36 inches above the floor and
5  36 inches in width and must extend the same depth as the rest of the sales or
6  service counter top. 2010 Standards § 904.4 & 904.4.1.
7  ~~39.~~41.   Here, no such accessible counter has been provided in violation
8  of the ADA.
9  ~~40.~~42.   The Safe Harbor provisions of the 2010 Standards are not
10 applicable here because the conditions challenged in this lawsuit do not
11 comply with the 1991 Standards.
12 ~~41.~~43.   A public accommodation must maintain in operable working
13 condition those features of its facilities and equipment that are required to be
14 readily accessible to and usable by persons with disabilities. 28 C.F.R. §
15 36.211(a).
16 ~~42.~~44.   Here, the failure to ensure that the accessible facilities were
17 available and ready to be used by the plaintiff is a violation of the law.
18
19
20
21 **II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL**
22 **RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ.
23 Code § 51-53.)
24 ~~43.~~45.   Plaintiff repleads and incorporates by reference, as if fully set
25 forth again herein, the allegations contained in all prior paragraphs of this
26 complaint.  The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia,
27 that persons with disabilities are entitled to full and equal accommodations,
28 advantages, facilities, privileges, or services in all business establishment of

every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

~~44.~~46.     The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

~~45.~~47.     Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

~~46.~~48.     Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each offense.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated: ~~January 2~~September 3, 2019          _____CENTER FOR DISABILITY ACCESS



By: _____
~~Chris Carson, Esq.~~ Christopher A. Seabock
Attorney for plaintiff